DRUCKER et al. v. HEYL–DIA.

(Supreme Court, Appellate Term. December 11, 1906.)

GUARANTY—REQUISITES OF CONTRACT—FORMAL ACCEPTANCE.

> In response to plaintiff's inquiry as to defendant's willingness to guaranty the payment of goods to be purchased by a third person, defendant replied that he would guaranty such payment up to a certain amount, providing a credit of 30 days be given; such person being allowed as an alternative to pay every second payment by a 90-day note, which was to be indorsed by defendant. Acting on the reply, plaintiff sold such person goods on credit. The purchaser never asked to be allowed to give the note provided for. *Held*, that defendant's reply and plaintiff's acts in pursuance thereof showed prima facie a complete meeting of the minds as to the contract of guaranty, without any further or formal notice to defendant of plaintiff's acceptance.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 9.]

Appeal from City Court of New York, Special Term.

Action by James J. Drucker and another, doing business under the firm name of M. J. Drucker, against George E. Heyl-Dia. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

M. S. & I. S. Isaacs (Leo G. Rosenblatt and Lewis M. Isaacs, of counsel), for appellants.

Otto Horwitz (Frederick Wiener, of counsel), for respondent.

GILDERSLEEVE, J. As the complaint was dismissed on plaintiffs' evidence, such evidence is entitled, not only to belief, but to all favorable inferences that can reasonably be drawn therefrom. The facts are as follows, viz.: On April 25, 1905, one of the plaintiffs wrote to defendant the following letter:

"I am informed that you agree to guaranty the payment of any goods purchased by Mr. N. Samson. Will you please write me a letter to that effect, and oblige.

"Yours truly."

On April 29, 1905, this letter was received by defendant, who wrote the following reply:

"In reply to yours of to-day, I have much pleasure in guarantying the payment of Mr. Norman Samson's account, or the Norman Samson Company's ac-

count, up to $1,500, providing your firm will grant him or them a credit of thirty days.  Mr. Samson shall be allowed, as an alternative, to pay you every second payment by a ninety-days note, the note to be indorsed by me."

. Said Samson never asked to be allowed to give such note, nor did the Samson Company.  Acting on this guaranty, plaintiffs sold and delivered to the Samson Company, between August 21, 1905, and October 4, 1905, merchandise to the amount of $272.75, no part of which money has been paid, although payment has been duly demanded.  It seems to us that the letter of defendant and the acts of plaintiffs show prima facie a complete meeting of the minds as to the contract of guaranty, without any further or formal notice to defendant of the plaintiffs' acceptance of the guaranty, assuming none was given, especially as defendant's relations with the company should have kept him informed as to transactions between plaintiffs and said company.

It was error for the court to dismiss the complaint on plaintiffs' evidence, and the order and judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.  All concur.

---

## SWEENEY v. NATIONAL RELIEF ASSUR. ASS'N.

(Supreme Court, Appellate Term.   December 11, 1906.)

INSURANCE—LOSS OF LIFE—ACCIDENT INSURANCE.

> Where 'an accident policy provided that "no disability shall constitute a claim for accident, * * * nor for injury, sickness, or disability which results from or is attributable to * * * orchitis," no indemnity could be recovered for time lost on account of orchitis, whether or not it resulted originally from an accident.

Appeal from Municipal Court, Borough of Manhattan, First District.

